■ In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Acting for and on Behalf of the NEW YORK CITY HOUSING AUTHORITY, Relative to Acquiring Title to Real Property Within the Area Bounded by West 152nd Street, and Other Streets, in the Borough of Manhattan, Duly Selected as a Site for a Federally-aided Public Housing Project Known as Harlem River Houses II. NEW COLONIAL ICE Co., Respondent-Appellant.— Final decree unanimously modified, on the law and the facts by reducing the fixture award for Damage Parcel 2 to the sum of $262,555, and as so modified affirmed, without costs. The court allowed the sum of $321,622 as compensation for the fixtures taken. We believe it is excessive. The value was arrived at by first taking the reproduction cost and deducting therefrom the physical, functional and economic depreciation. The court accepted as the reproduction cost of all the equipment the sum of $952,952. There can be no criticism of the court having accepted this figure because the city's expert placed a higher reproduction value on the equipment, whereas the figure taken is no lower than that

testified to on behalf of the claimant. We believe, however, that the court should not have taken into consideration the equipment acquired by the claimant from the Rubel Company and installed in 1956. An examination of the claimant's actual production records indicate that its plant, prior to the acquisition of these fixtures, was able to and did meet all of its requirements. In any event, the record of tons produced subsequent to the acquisition of this additional equipment indicates that the production was no greater after its acquisition than before. In the circumstances we must conclude that the additional equipment was not essential to the operation of the plant, served no useful purpose, was of no economic value and therefore was not compensable. In other words, as to that part of the plant represented by the Rubel equipment, there was an economic depreciation of 100%. If it had any value apart from the plant, and if it were possible to remove it in such manner so that it would not be considered as part of the realty, then, of course, it would not be compensable at all in this condemnation proceeding. Accordingly, from the sum of $952,952 there should be deducted the sum of $175,000 which represents the reproduction value of the Rubel equipment. That would leave the sum of $777,943 as the reproduction cost of the equipment for which compensation may be given. We agree with the percentages applied by the trial court in computing the physical and economic depreciation of the equipment. The amount of such physical depreciation must of course be related to the physical depreciation of the building (*Matter of City of New York [Maxwell]*, 15 A D 2d 153, 175) and that the court applied such rule is evident from its decision. The economic depreciation taken is warranted by the evidence in the record. It is evident that the plant had been operating at less than capacity for many years.[*] It is also evident that the prospect for a reversal of that pattern is most unlikely. To the contrary, all indications are that there would be a continuing and progressive decline of necessary production. Applying the depreciation percentages fixed by Special Term to the reproduction value of the compensable equipment, i.e., $777,943 we find that the award for the fixtures should be in the sum of $262,555. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Stevens and Steuer, JJ.

---

[*] It should be noted that in 1952 — prior to the acquisition of the Rubel equipment — the plant produced 70,806 tons of ice, an amount not since duplicated.